# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NATIONAL SECURITY COUNSELORS    *
                                          *

         Plaintiff,                      *

                                          *

         v.                                  *

                                          *      Civil Action No. 1:11-cv-0444-BAH

CENTRAL INTELLIGENCE AGENCY    *

                                          *

         Defendant.                     *

                                          *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## FIRST AMENDED COMPLAINT

Plaintiff National Security Counselors brings this action against Defendant Central Intelligence Agency pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, *as amended* ("FOIA"), the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*, the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, the Mandamus Act, 28 U.S.C. § 1361, and the All Writs Act, 28 U.S.C. § 1651.

## JURISDICTION

1.     This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2.     Venue is appropriate under 5 U.S.C. §§ 552(a)(4)(B), 703 and 28 U.S.C. § 1391.

## PARTIES

3.     Plaintiff National Security Counselors ("NSC") is a non-profit organization under the laws of the Commonwealth of Virginia and has the ability to disseminate information on a wide scale.

4.      Defendant Central Intelligence Agency ("CIA") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Plaintiff which are the subject of this action.

### FIRST CAUSE OF ACTION

### (FOIA – RECORDS DENIAL – F-2010-01609 THROUGH F-2010-01612)

5.      NSC repeats and realleges the allegations contained in all paragraphs set forth above.

6.      On 8 August 2010, NSC submitted to CIA four FOIA requests for database listings of all FOIA requesters from Fiscal Years 2008-2010 according to the fee categories to which CIA assigned them.

7.      By letters dated 30 September 2010, CIA acknowledged receipt of these requests and assigned them Request Nos. F-2010-01609 (educational or scientific), F-2010-01610 (commercial), F-2010-01611 (all other), and F-2010-01612 (news media).  Each letter stated: "The FOIA does not require federal agencies to create a record, collect information, conduct research, or analyze data.  Therefore, we must decline to process this request."

8.      On 2 October 2010, NSC appealed CIA's determinations.

9.      By letters dated 21 October 2010, CIA refused to accept NSC's appeal.  Each letter stated: "Please be advised that since we did not provide you with appeal rights, we cannot accept your appeal.  However, as you know, you are free to submit a new FOIA request at any time."

10.     NSC has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by CIA of said right.

## SECOND CAUSE OF ACTION

## (FOIA – REFUSAL TO PROCESS REQUESTS FOR AGGREGATE DATA)

11.     NSC repeats and realleges the allegations contained in all paragraphs set forth above.

12.     Upon information and belief, CIA's refusal to process requests for aggregate data represents an ongoing policy, practice, or standard operating procedure ("SOP").

13.     The Court has virtually unlimited equitable authority to declare a "sufficiently outrageous" ongoing policy or practice to be unlawful even if the agency reverses its position with respect to the FOIA request in question.

14.     A policy, practice, or SOP of refusing to accept FOIA requests for reasons not supported by law is in violation of FOIA.  Such a practice constitutes outrageous conduct for purposes of the broad equitable powers provided by FOIA to the Court.  Such a policy is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

15.     As a frequent FOIA requester, NSC stands to continue to be harmed by this ongoing practice in the future.

16.     NSC is therefore entitled to relief in the form of a declaratory order that CIA is in violation of its statutory responsibilities under FOIA and an injunction compelling CIA pursuant to that statute to process requests for aggregate data.

## THIRD CAUSE OF ACTION

## (APA – REFUSAL TO PROCESS REQUESTS FOR AGGREGATE DATA)

17.     NSC repeats and realleges the allegations contained in all paragraphs set forth above.

18.     If the authority to remedy a policy, practice, or SOP of refusing to process requests for aggregate data cannot be found in the broad equitable powers provided by FOIA to the Court, the authority can be found in the APA.  Such a practice is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

19.     As a frequent FOIA requester, NSC stands to continue to be harmed by this ongoing practice in the future.

20.     NSC is therefore entitled to relief in the form of a declaratory order that CIA is in violation of its statutory responsibilities under FOIA and an injunction compelling CIA pursuant to the APA to process requests for aggregate data.

## FOURTH CAUSE OF ACTION

## (MANDAMUS – REFUSAL TO PROCESS REQUESTS FOR AGGREGATE DATA)

21.     NSC repeats and realleges the allegations contained in all paragraphs set forth above.

22.     The duty to process FOIA requests except in very narrow circumstances is non-discretionary and ministerial in nature.

23.     NSC has a direct interest in ensuring that agencies process FOIA requests in accordance with federal law.

24.     By refusing to process requests for aggregate data, CIA is violating its clearly mandated ministerial duty under FOIA, thereby harming NSC by denying it the ability to obtain records without litigation.

25.     NSC is therefore entitled to relief in the form of a writ of mandamus ordering CIA to comply with the statutory duty imposed by FOIA to process requests for aggregate data.

## FIFTH CAUSE OF ACTION

## (FOIA – REFUSAL TO ACCEPT ADMINISTRATIVE APPEALS)

26.     NSC repeats and realleges the allegations contained in all paragraphs set forth above.

27.     An agency's duty to adjudicate administrative appeals of any negative determinations is a cornerstone of FOIA's due process framework.

28.     Undersigned is aware of numerous instances in which CIA has refused to process a FOIA request it deemed improper.  In none of those circumstances was the requester allowed to administratively appeal CIA's decision.  Upon information and belief, this activity represents an ongoing policy, practice, or SOP.

29.     A policy, practice, or SOP of refusing to accept administrative appeals of negative determinations is in violation of FOIA.  Such a practice constitutes outrageous conduct for purposes of the broad equitable powers provided by FOIA to the Court.  Such a policy is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

30.     As a frequent FOIA requester, NSC stands to continue to be harmed by this ongoing practice in the future.

31.     NSC is therefore entitled to relief in the form of a declaratory order that CIA is in violation of its statutory responsibilities under FOIA and an injunction compelling CIA pursuant to that statute to accept administrative appeals of any determinations that FOIA requests are improper.

## SIXTH CAUSE OF ACTION

## (APA – REFUSAL TO ACCEPT ADMINISTRATIVE APPEALS)

32.     NSC repeats and realleges the allegations contained in all paragraphs set forth

above.

33.     If the authority to remedy a policy, practice, or SOP of refusing to accept

administrative appeals of negative determinations cannot be found in the broad equitable powers

provided by FOIA to the Court, the authority can be found in the APA.  Such a practice is

arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

34.     As a frequent FOIA requester, NSC stands to continue to be harmed by this

ongoing practice in the future.

35.     NSC is therefore entitled to relief in the form of a declaratory order that CIA is in

violation of its statutory responsibilities under FOIA and an injunction compelling CIA pursuant

to the APA to accept administrative appeals of any determinations that FOIA requests are

improper.

## SEVENTH CAUSE OF ACTION

## (MANDAMUS – REFUSAL TO ACCEPT ADMINISTRATIVE APPEALS)

36.     NSC repeats and realleges the allegations contained in all paragraphs set forth

above.

37.     The duty to accept administrative appeals of any negative determinations imposed

on CIA by FOIA is non-discretionary and ministerial in nature.

38.     NSC has a direct interest in ensuring that agencies provide requesters with proper

due process in accordance with federal law.

39.     By refusing to accept administrative appeals of determinations that FOIA requests are improper, CIA is violating its clearly mandated ministerial duty under FOIA, thereby harming NSC by denying it the proper due process.

40.     NSC is therefore entitled to relief in the form of a writ of mandamus ordering CIA to comply with the statutory duty imposed by FOIA to accept administrative appeals of any determinations that FOIA requests are improper.

## EIGHTH CAUSE OF ACTION

## (FOIA – RECORDS DENIAL – F-2010-01440)

41.     NSC repeats and realleges the allegations contained in all paragraphs set forth above.

42.     On 5 July 2010, NSC submitted to CIA a FOIA request for a record that would indicate the ten individuals responsible for the most FOIA requests submitted (each) in Fiscal Years 2008, 2009, and 2010.

43.     By letter dated 22 July 2010, CIA acknowledged receipt of this request and assigned it Request No. F-2010-01440.  This letter stated: "We have completed a thorough review of your request and have determined that our record systems are not configured in a way that would allow us to perform a search reasonably calculated to lead to the responsive record without an unreasonable effort.  The FOIA does not require federal agencies to perform research, create records or conduct unreasonable searches through a body of material to see if any of it is related to a particular request.  Therefore, we must decline to process this request."

44.     NSC did not appeal this determination.  On information and belief, if NSC had submitted an administrative appeal, CIA would have refused to accept it.

45.     NSC has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by CIA of said right.

## NINTH CAUSE OF ACTION

## (FOIA – RECORDS DENIAL – F-2010-01185)

46.     NSC repeats and realleges the allegations contained in all paragraphs set forth above.

47.     On 13 May 2010, NSC submitted to CIA a FOIA request for a representative sample of analytical reports and memoranda presenting psychological analyses or profiles of foreign government officials, terrorist leaders, international criminals, business figures, and other intelligence targets prepared by the Medical and Psychological Analysis Center ("MPAC") or its predecessor Office of Leadership Analysis ("OLA").  The request letter included detailed guidance regarding what would be considered a "representative sample."

48.     By letter dated 23 June 2010, CIA acknowledged receipt of this request and assigned it Request No. F-2010-01185.  This letter stated:

We cannot accept your FOIA request in its current form, because it would require the Agency to perform an unreasonably burdensome search.  The FOIA requires requesters to "reasonably describe" the information they seek so that professional employees familiar with the subject matter can locate responsive information with a reasonable amount of effort.  Because of the breadth and lack of specificity of your request, and the way in which our records systems are configured, the Agency cannot conduct a reasonable search for information responsive to your request.  The FOIA does not provide a mechanism to perform research or to conduct unreasonable searches through a body of material to see if any of it is related to a particular request.  We encourage you to refine the scope of your

request (such as including a narrower time frame for, and more specific descriptions of the information you seek) to enable us to conduct a reasonable search for responsive information.

49.     NSC did not appeal this determination.  On information and belief, if NSC had submitted an administrative appeal, CIA would have refused to accept it.

50.     NSC has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by CIA of said right.

## TENTH CAUSE OF ACTION

## (FOIA – RECORDS DENIAL – F-2011-00779)

51.     NSC repeats and realleges the allegations contained in all paragraphs set forth above.

52.     On 16 February 2011, NSC submitted to CIA a FOIA request for all CIA records pertaining to the IBM supercomputer named "Watson."  The request letter also directed FOIA analysts to the website http://www.ibm.com/watson for more information about "Watson."

53.     By letter dated 2 March 2011, CIA acknowledged receipt of this request and assigned it Request No. F-2011-00779.  This letter stated:

We cannot accept your FOIA request in its current form because it would require the Agency to perform an unreasonably burdensome search.  The FOIA requires requesters to "reasonably describe" the information they seek so that professional employees familiar with the subject matter can locate responsive information with a reasonable amount of effort.  Because of the breadth and lack of specificity of your request, and the way in which our records systems are configured, the Agency cannot conduct a reasonable search for information responsive to your request.  We encourage you to refine the scope of your

9

request (such as contracts, if they exist, which would explain record pertaining to "Watson") to enable us to conduct a reasonable search for responsive information.

54.     NSC did not appeal this determination.  On information and belief, if NSC had submitted an administrative appeal, CIA would have refused to accept it.

55.     NSC has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by CIA of said right.

## ELEVENTH CAUSE OF ACTION

## (FOIA – OVERBROAD APPLICATION OF "REASONABLY DESCRIBE")

56.     NSC repeats and realleges the allegations contained in all paragraphs set forth above.

57.     FOIA requires that requesters "reasonably describe" the records they seek.

58.     Undersigned is aware of numerous instances in which CIA has refused to process a FOIA request it deemed improper, stating that the request failed to "reasonably describe" the records sought.  In a majority of these cases, CIA has cited the configuration of its records systems as a disqualifying factor.  Upon information and belief, CIA's application of FOIA's "reasonably describe" requirement is significantly and consistently broader than is allowed by FOIA.  Upon information and belief, this activity represents an ongoing policy, practice, or SOP.

59.     A policy, practice, or SOP of refusing to accept FOIA requests for reasons not supported by law is in violation of FOIA.  Such a practice constitutes outrageous conduct for purposes of the broad equitable powers provided by FOIA to the Court.  Such a policy is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

60.     As a frequent FOIA requester, NSC stands to continue to be harmed by this ongoing practice in the future.

61. NSC is therefore entitled to relief in the form of a declaratory order that CIA is in violation of its statutory responsibilities under FOIA and an injunction compelling CIA pursuant to that statute to apply a reasonable interpretation of the "reasonably describe" requirement that is clearly consistent with FOIA.

## TWELFTH CAUSE OF ACTION

## (APA – OVERBROAD APPLICATION OF "REASONABLY DESCRIBE")

62. NSC repeats and realleges the allegations contained in all paragraphs set forth above.

63. If the authority to remedy a policy, practice, or SOP of applying a test for "reasonably describe" that is inconsistent with FOIA cannot be found in the broad equitable powers provided by FOIA to the Court, the authority can be found in the APA. Such a practice is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

64. As a frequent FOIA requester, NSC stands to continue to be harmed by this ongoing practice in the future.

65. NSC is therefore entitled to relief in the form of a declaratory order that CIA is in violation of its statutory responsibilities under FOIA and an injunction compelling CIA pursuant to the APA to apply a reasonable interpretation of the "reasonably describe" requirement that is clearly consistent with FOIA.

## THIRTEENTH CAUSE OF ACTION

## (MANDAMUS – OVERBROAD APPLICATION OF "REASONABLY DESCRIBE")

66. NSC repeats and realleges the allegations contained in all paragraphs set forth above.

67.     The duty to process FOIA requests except in very narrow circumstances is non-discretionary and ministerial in nature.

68.     NSC has a direct interest in ensuring that agencies process FOIA requests in accordance with federal law.

69.     By applying a test for "reasonably describe" that is inconsistent with FOIA, CIA is violating its clearly mandated ministerial duty under FOIA, thereby harming NSC by denying it the ability to obtain records without litigation.

70.     NSC is therefore entitled to relief in the form of a writ of mandamus ordering CIA to comply with the statutory duty imposed by FOIA to apply a reasonable interpretation of the "reasonably describe" requirement that is clearly consistent with FOIA.

<strong><u>FOURTEENTH CAUSE OF ACTION</u></strong>

<strong><u>(FOIA – FAILURE TO FOLLOW REGULATIONS)</u></strong>

71.     NSC repeats and realleges the allegations contained in all paragraphs set forth above.

72.     An agency's duty to follow its own regulations regarding the processing of FOIA requests is uncontested.

73.     CIA's own regulation 32 C.F.R. § 1900.12(c) states: "Communications which do not meet the[ ] requirements [of reasonably describing the records sought and not requiring an unreasonable search] will be considered an expression of interest and the Agency will work with, and offer suggestions to, the potential requester in order to define a request properly."

74.     Undersigned is aware of numerous instances in which CIA has refused to process a FOIA request it deemed improper.  In virtually none of those circumstances, including the requests that are the subject of the instant action, did CIA contact the requester to "work with,

12

and offer suggestions to, the potential requester in order to define a request properly." Upon information and belief, this activity represents an ongoing policy, practice, or SOP, despite the regulation to the contrary.

75.     A policy, practice, or SOP of refusing to follow one's own FOIA regulations is in violation of FOIA. Such a practice constitutes outrageous conduct for purposes of the broad equitable powers provided by FOIA to the Court. Such a policy is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

76.     As a frequent FOIA requester, NSC stands to continue to be harmed by this ongoing practice in the future.

77.     NSC is therefore entitled to relief in the form of a declaratory order that CIA is in violation of its statutory responsibilities under FOIA and an injunction compelling CIA pursuant to that statute to follow its self-imposed mandate of 32 C.F.R. § 1900.12(c).

## FIFTEENTH CAUSE OF ACTION

## (APA – FAILURE TO FOLLOW REGULATIONS)

78.     NSC repeats and realleges the allegations contained in all paragraphs set forth above.

79.     If the authority to remedy a policy, practice, or SOP of refusing to follow one's own FOIA regulations cannot be found in the broad equitable powers provided by FOIA to the Court, the authority can be found in the APA. Such a practice is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

80.     As a frequent FOIA requester, NSC stands to continue to be harmed by this ongoing practice in the future.

81.     NSC is therefore entitled to relief in the form of a declaratory order that CIA is in violation of its statutory responsibilities under FOIA and an injunction compelling CIA pursuant to the APA to follow its self-imposed mandate of 32 C.F.R. § 1900.12(c).

## SIXTEENTH CAUSE OF ACTION

## (MANDAMUS – FAILURE TO FOLLOW REGULATIONS)

82.     NSC repeats and realleges the allegations contained in all paragraphs set forth above.

83.     The duty to communicate with requesters to perfect allegedly improper requests imposed on CIA by its own regulations is non-discretionary and ministerial in nature.

84.     NSC has a direct interest in ensuring that agencies follow their own FOIA regulations.

85.     By consistently failing to follow its own FOIA regulations, CIA is violating its clearly mandated ministerial duty, thereby harming NSC by denying it the proper due process.

86.     NSC is therefore entitled to relief in the form of a writ of mandamus ordering CIA to comply with the self-imposed duty of 32 C.F.R. § 1900.12(c).

## SEVENTEENTH CAUSE OF ACTION

## (FOIA – CONSTRUCTIVE RECORDS DENIAL – F-2010-01117)

87.     NSC repeats and realleges the allegations contained in all paragraphs set forth above.

88.     On 4 May 2010, NSC submitted to CIA two FOIA requests for certain FOIA requests previously rejected by CIA as "not reasonably described" or otherwise improper.

89.     By telephone on 5 May 2010, CIA acknowledged receipt of these requests and assigned them Request Nos. F-2010-01116 and F-2010-01117.

90.     By telephone on 7 August 2010, NSC and CIA agreed to combine these two requests into Request No. F-2010-01117.  In this telephone call, NSC and CIA also agreed to modify the scope of the request to include any FOIA requests rejected in Fiscal Year 2006 for any reason.

91.     By letter dated 17 November 2010, CIA memorialized the terms of the 7 August 2010 telephone call.

92.     As twenty working days have elapsed without a substantive determination by CIA, NSC has exhausted all required administrative remedies.

93.     NSC has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by CIA of said right.

## EIGHTEENTH CAUSE OF ACTION

## (FOIA – CONSTRUCTIVE RECORDS DENIAL – F-2011-00682)

94.     NSC repeats and realleges the allegations contained in all paragraphs set forth above.

95.     On 26 January 2011, NSC submitted to CIA a FOIA request for all records pertaining to the search tools and indices available to the Office of Information Management Services ("IMS") for conducting searches of its own records in response to FOIA requests.

96.     On 16 February 2011, CIA acknowledged receipt of this request and assigned it Request No. F-2011-00682.

97.     As twenty working days have elapsed without a substantive determination by CIA, NSC has exhausted all required administrative remedies.

98.     NSC has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by CIA of said right.

## NINETEENTH CAUSE OF ACTION

## (FOIA – CONSTRUCTIVE RECORDS DENIAL – F-2011-00379)

99.     NSC repeats and realleges the allegations contained in all paragraphs set forth

above.

100.    On 27 November 2010, NSC submitted to CIA a FOIA request for all records

relating to Markus Büchel, the former Prime Minister of Liechtenstein, limited to records created

between 26 May 1993 and 15 December 1993.

101.    On 17 December 2010, CIA acknowledged receipt of this request and assigned it

Request No. F-2011-00379.

102.    As twenty working days have elapsed without a substantive determination by

CIA, NSC has exhausted all required administrative remedies.

103.    NSC has a legal right under FOIA to obtain the information it seeks, and there is

no legal basis for the denial by CIA of said right.

## TWENTIETH CAUSE OF ACTION

## (FOIA – RECORDS DENIAL – F-2010-00020)

104.    NSC repeats and realleges the allegations contained in all paragraphs set forth

above.

105.    On 25 September 2009, NSC submitted to CIA a FOIA request for all records

pertaining to guidelines for attorneys in the Office of General Counsel ("OGC") for the conduct

of civil cases, especially pertaining to interactions between OGC attorneys and Department of

Justice ("DOJ") attorneys.

106.    On 28 October 2009, CIA acknowledged receipt of this request and assigned it

Request No. F-2010-00020.

107.    By letter dated 10 January 2011, CIA informed NSC that it could not locate any responsive records.  This letter stated: "Our processing included a search for records as described in our 28 October 2009 acceptance letter existing through the date of that letter."

108.    On 21 January 2011, NSC appealed the adequacy of CIA's search, specifically criticizing CIA's use of the date of its acknowledgement letter as an arbitrary cut-off date.  CIA acknowledged this appeal on 4 February 2011.

109.    On 15 March 2011, CIA denied this appeal.

110.    NSC has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by CIA of said right.

<u>**TWENTY-FIRST CAUSE OF ACTION**</u>

<u>**(FOIA – CIA – IMPROPER USE OF ARBITRARY CUT-OFF DATES)**</u>

111.    NSC repeats and realleges the allegations contained in all paragraphs set forth above.

112.    NSC has submitted numerous FOIA requests to CIA.  In every response letter NSC has received from CIA, CIA has imposed an arbitrary cut-off date on the search of the date of the response letter, regardless of the nature of the request or how long the search is expected to take.  Specific NSC requests for non-historical records that have been pending longer than a year and yet still have such cut-off dates include Request Nos. F-2010-00073 and F-2010-00075.  Undersigned is aware of no instances in which CIA has not imposed a "date of response" cut-off date.  Upon information and belief, this activity represents an ongoing policy, practice, or SOP.

113.    A policy, practice, or SOP that applies an arbitrary "date of response" cut-off date regardless of the nature of the request or the anticipated length of the search is in violation of FOIA.  Such a practice constitutes outrageous conduct for purposes of the broad equitable

powers provided by FOIA to the Court.  Such a policy is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

114.    As a frequent FOIA requester, NSC stands to continue to be harmed by this ongoing practice in the future.

115.    NSC is therefore entitled to relief in the form of a declaratory order that CIA is in violation of its statutory responsibilities under FOIA and an injunction compelling CIA pursuant to that statute to cease the practice of imposing an arbitrary "date of response" cut-off date on all FOIA requests.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff National Security Counselors prays that this Court:

(1)    Order the Central Intelligence Agency to disclose the requested records in their entirety and make copies promptly available to it;

(2)    Declare and find that CIA violated FOIA and/or the Administrative Procedure Act by refusing to process requests for aggregate data, and that this violation was intentional and/or willful;

(3)    Declare and find that any CIA regulations, guidelines, or policy statements that authorize the refusal to process requests for aggregate data constitute an unreasonable interpretation of the statutory obligations imposed by FOIA;

(4)    Order CIA, in the form of injunctive and mandamus relief, to process requests for aggregate data in its future processing of FOIA requests and to amend its regulations, guidelines, and policy statements accordingly;

(5)     Declare and find that CIA violated FOIA and/or the APA by refusing to accept administrative appeals of any determinations that FOIA requests are improper, and that this violation was intentional and/or willful;

(6)     Declare and find that any CIA regulations, guidelines, or policy statements that authorize the refusal to accept administrative appeals of any determinations that FOIA requests are improper constitute an unreasonable interpretation of the statutory obligations imposed by FOIA;

(7)     Order CIA, in the form of injunctive and mandamus relief, to accept administrative appeals of any determinations that FOIA requests are improper in its future processing of FOIA requests and to amend its regulations, guidelines, and policy statements accordingly;

(8)     Declare and find that CIA violated FOIA and/or the APA by applying a test for "reasonably describe" that is inconsistent with FOIA, and that this violation was intentional and/or willful;

(9)     Declare and find that any CIA regulations, guidelines, or policy statements that authorize the application of a test for "reasonably describe" that is inconsistent with FOIA constitute an unreasonable interpretation of the statutory obligations imposed by FOIA;

(10)     Order CIA, in the form of injunctive and mandamus relief, to apply a reasonable interpretation of the "reasonably describe" requirement that is clearly consistent with FOIA in its future processing of FOIA requests and to amend its regulations, guidelines, and policy statements accordingly;

(11)     Declare and find that CIA violated FOIA and/or the APA by failing to communicate with requesters to perfect allegedly improper requests as per its own regulations, and that this violation was intentional and/or willful;

(12)     Declare and find that any CIA regulations, guidelines, or policy statements that authorize CIA personnel to ignore 32 C.F.R. § 1900.12(c) constitute an unreasonable interpretation of these obligations;

(13)     Order CIA, in the form of injunctive and mandamus relief, to obey the self-imposed mandate of 32 C.F.R. § 1900.12(c) in its future processing of FOIA requests and to amend any inconsistent regulations, guidelines, and policy statements accordingly;

(14)     Declare and find that CIA violated FOIA by applying an arbitrary "date of response" cut-off date regardless of the nature of the request or the anticipated length of the search, and that this violation was intentional and/or willful;

(15)     Declare and find that any CIA regulations, guidelines, or policy statements that authorize the application of arbitrary "date of response" cut-off dates constitute an unreasonable interpretation of the statutory obligations imposed by FOIA;

(16)     Order CIA to cease applying arbitrary "date of response" cut-off dates regardless of the nature of the request or the anticipated length of the search in its future processing of FOIA requests and to amend its regulations, guidelines, and policy statements accordingly;

(17)     Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

(18)     Award reasonable costs and attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412(d), or any other applicable law;

(19)     Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(20)    Grant such other relief as the Court may deem just and proper.

Date:   March 21, 2011

Respectfully submitted,


 /s/ Kelly B. McClanahan    
Kelly B. McClanahan, Esq.
DC Bar #984704
National Security Counselors
1200 South Courthouse Road
Suite 124
Arlington, VA  22204
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| NATIONAL SECURITY COUNSELORS | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 1:11-cv-0444-BAH |
| CENTRAL INTELLIGENCE AGENCY | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 21st day of March, 2011, the foregoing First Amended

Complaint was filed electronically with the Clerk of the Court to be served by operation of the

Court's electronic filing system upon all attorneys for Defendant.

Respectfully submitted,

  /s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.