# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NATIONAL SECURITY COUNSELORS,   *
                                  *

             Plaintiff,          *

                                  *

             v.                 *

                                  *     Civil Action No.: 1:11-cv-00444 (BAH)

CENTRAL INTELLIGENCE AGENCY,     *

                                  *

            Defendant.       *

                                  *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON ALL REMAINING CLAIMS AND IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff National Security Counselors ("NSC") commenced this litigation[1] against

Defendant Central Intelligence Agency ("CIA") pursuant to the Freedom of Information Act

("FOIA"), the Administrative Procedure Act, and the Mandamus Act to obtain copies of several

different types of records and to compel CIA to reverse several of its patterns or practices which

are inconsistent with FOIA.  Over the next year, several counts were dismissed by the Court from

the original complaints.  On 20 December 2011, 8 August 2012, 31 January 2013, and 18 March

2013, CIA moved for summary judgment on the remaining counts, and the Court ruled on those

Motions on 15 August 2013, granting in part and denying in part CIA's Motion.  CIA now moves

again for summary judgment on all remaining counts.[2]  The Court should deny summary

---

[1] The instant case was originally filed as two cases, *NSC v. CIA*, No. 11-443 (D.D.C.) [hereinafter *NSC-I*], and *NSC v. CIA*, No. 11-444 (D.D.C.) [hereinafter *NSC-II*].  On 2 April 2014, the Court consolidated both cases into *NSC v. CIA*, No. 11-444 (D.D.C.).

[2] However, in violation of Local Civil Rule 7(h), Defendants did not file a Statement of Material Facts Not in Dispute.

judgment to CIA on all disputed counts and grant partial summary judgment to NSC on Counts 1 and 3 of *NSC-I*.

## ARGUMENT

This brief will address two categories of issues in controversy.  First, CIA failed to conduct adequate searches for responsive information in Count 1 of *NSC-I* and Counts 18 and 20 of *NSC-II*.  Second, CIA improperly withheld information from release.[3]

## I.      CIA PERFORMED INADEQUATE SEARCHES

The adequacy of CIA's search for responsive records is at issue in Count 1 of *NSC-I* and Counts 18 and 20 of *NSC-II*.  In none of these counts has the respective agency demonstrated that it performed an adequate search, and the record clearly shows that the searches were in fact *inadequate* and that the agencies improperly excluded responsive records from their processing of these requests.

Count 1 of *NSC-I* involves a request for eleven articles originally published in the CIA in-house journal *Studies in Intelligence* ("*Studies*").  (Compl., Dkt. #1, ¶ 6 (filed Feb. 28, 2011), *NSC-I* [hereinafter *NSC-I* Compl.].)  On 27 February 2009, CIA released to the James Madison Project ("JMP")—the original requester—ten articles with redactions and stated that it could not find the eleventh, identified in the request letter as: Montague, Ludwell Lee. "The Psychological Strategy Board," *Studies in Intelligence* 17/2 (Summer 1973). (*See* Letter from McClanahan to Koch of 4/10/08, attached as Ex. A; Letter from Nelson to Zaid of 2/27/09, attached as Ex. B.) On 13 April 2009, JMP appealed redactions in five articles, but did not mention CIA's search for

---

[3] There is a third category of issue in controversy which will not be addressed in this brief.  On 16 April 2014, the Court stayed briefing of the electronic records issue until after NSC's declarant can put his declaration through CIA's prepublication review process.  Therefore, this brief will be silent henceforth on the question of CIA's electronic records production.

the eleventh article (having at that time no reason to believe that it was inadequate).  (Letter

from McClanahan to Nelson of Apr. 13, 2009, attached as Ex. C.)

As the Court is aware, JMP then assigned the rights in this request to NSC upon the

undersigned's departure, and CIA refused to recognize the assignment.  Because that matter has

been fully briefed, it will not be discussed further here.  However, it is relevant that on 6

December 2011, during the briefing of the assignment issue, the undersigned sent the following

email to CIA's counsel:

> Ryan, can you do me a favor and backchannel a request to CIA? I think this is far
> beneath the notice of the court, and I'm hoping we can reach an accommodation
> between us.
>
> In F-2008-01105, the request that is the subject of Count 1, JMP requested 11
> articles from old *Studies in Intelligence* issues.  On 27 February 2009, CIA
> released 10 articles and said it could not find one ("The Psychological Strategy
> Board").  I actually discussed this request with someone at CIA at the time, and I
> ultimately decided that the citation that I had pulled the citation for the 11th from
> had been in error, and so I didn't appeal the search.  However, when I got these
> [*Studies* Tables of Contents], I discovered that the citation was not 100% in error,
> but that the article was in the Summer 1973 *Supplement* and not the regular
> Summer 1973 issue.  The TOC calls it Volume 17 No. 2-S instead of Volume 17
> No. 2.  . . .
>
> With that said, now that I've located the article they couldn't, could you please
> ask them to reopen the request and process this article for release?

(Email from McClanahan to Parker of 12/6/11, attached as Ex. E.)  CIA's counsel did not

respond to the email.

On 15 August 2013, the Court ordered CIA to recognize the assignment and "permit

[NSC] to exhaust its administrative remedies through the administrative appeals process as an

assignee of the FOIA request in question."  *Nat'l Sec. Counselors v. CIA*, 960 F. Supp. 2d 101,

148 (D.D.C. 2013) [hereinafter *NSC*].  Accordingly, at that point CIA's administrative record for

this request should have included not only the appeal filed by JMP (and the appeal filed later by NSC, discussed below), but the 6 December 2011 email as well.

However, when CIA made its supplemental release—which included the five articles addressed in JMP's appeal—it still did not release the missing eleventh article, nor does its declarant even mention conducting a search for it.  (*See* Suppl. Lutz Decl., Dkt. #60-1, ¶ 5 (filed Mar. 7, 2014).)  On 9 March 2014, the undersigned re-forwarded the 6 December 2011 email to CIA's counsel with the additional sentence, "Also, CIA apparently forgot that I submitted this formal appeal through you of the adequacy of the CIA's search."  CIA's counsel did not respond except to say, in the context of another message, "As for your other emails, the CIA has limited resources for complying with its obligations under the FOIA and is devoting those resources to responding to other FOIA requests."

This request clearly requested the article by Ludwell Lee Montague entitled "The Psychological Review Board" which was published in *Studies* in the summer of 1979.  The only mistake in the request was identifying the issue as Volume 17 No. 2 instead of Volume 17 No. 2-S.  The article is clearly in the Summer 1979 Supplement issue.  (*See* Summer 1979 Suppl. TOC at 2 attached as Ex. F.)  NSC clearly brought this to CIA's attention, once in 2011 and again in 2014.  NSC has no explanation for why CIA failed to locate this article, but it clearly did.[4]

When performing a search, an agency may not "ignore what it cannot help but know" when faced with "a lead so apparent that the [agency] cannot in good faith fail to pursue it."

---

[4] Interestingly, a document released in a related case shows that CIA tasked a search for the article by its entire citation (including Volume and Issue No.), and that several subsequent comments and responses were written, all redacted.  (*See* CIA Tasker, attached as Ex. F.)  NSC respectfully suggests that if the Court would like to know exactly what went wrong with this search, it should require CIA to provide it with an unredacted copy of this tasker *in camera*.

*Kowalczyk v. DOJ*, 73 F.3d 386, 389 (D.C. Cir. 1996).  The D.C. Circuit has cited *Kowalczyk* for the proposition that "[w]hen a request seeks all agency records on a given subject, the agency is obliged to pursue any 'clear and certain' lead it cannot in good faith ignore." *Cooper v. DOJ*, No. 03-5172, 2004 U.S. App. LEXIS 8135, at *5 (D.C. Cir. Apr. 23, 2004) (per curiam).  The D.C. Circuit has emphasized that an agency "must revise its assessment of what is 'reasonable' in a particular case to account for leads that emerge during its inquiry.  Consequently, the court evaluates the reasonableness of an agency's search based on what the agency knew at its conclusion rather than what the agency speculated at its inception." *Campbell v. DOJ*, 164 F.3d 20, 28 (D.C. Cir. 1998).  Accordingly, failing to locate a specifically identified document because of an incorrect *issue number*, when all of the remaining information is accurate, is not acceptable, unless CIA provides evidence that it *did* search for the article in the Summer 1979 Supplement and could not find it.

Count 18 of *NSC-II* involves a request for records about the "search tools and indices" used by CIA's Office of Information Management Services ("IMS") to search its own systems. (Suppl. Lutz Decl. ¶ 6.)  After moving for summary judgment on the adequacy of its search and losing, CIA moves again, having still not identified and processed any additional records, despite being instructed to process several others in the Court's 15 August 2013 Opinion.  CIA complains that its databases do not have "indices" and that it does not refer to anything by the term "search tools." (*See id.* ¶¶ 8-9.)  However, these statements are belied by CIA's own sworn declarations in this and numerous other cases, and CIA cannot be allowed to claim confusion regarding the meaning of the terms "search tools" and "indices" when these are the very terms it uses to describe its FOIA process to courts.

As a representative sample, one need only consider the cases in which CIA has used these terms before *this* Court in cases in which the undersigned was counsel.  *See* Lutz Decl., Dkt. #20-1, ¶ 34 (filed Dec. 20, 2011) ("[E]ach component must then devise its own search strategy, which includes identifying which of its records systems to search, as well as what *search tools, indices* and terms to employ.") (emphasis added), *NSC-II*; Meeks Decl., Dkt. #23, at 9 n.11 (filed May 26, 2012) (referring to "[t]he Agency's electronic *search tools*") (emphasis added), *Mobley v. CIA*, No. 11-2072 (D.D.C.); Lutz Decl., Dkt. #27-1, ¶ 12 (filed Aug. 8, 2012) ("[E]ach component must then devise its own search strategy, which includes identifying which of its records systems to search, as well as what *search tools, indices* and terms to employ.") (emphasis added), *NSC-I*; Lutz Decl., Dkt. #29-1, ¶ 13 (filed Oct. 3, 2012) ("[E]ach component must then devise its own search strategy, which includes identifying which of its records systems to search, as well as what *search tools, indices* and terms to employ.") (emphasis added), *Nat'l Sec. Counselors v. CIA*., No. 11-445 (D.D.C.); Lutz Decl., Dkt. #63-4, ¶ 7 (filed July 17, 2013) ("[E]ach component must then devise its own search strategy, which includes identifying which of its records systems to search as well as what *search tools, indices*, and terms to employ.") (emphasis added), *Nat'l Sec. Counselors v. CIA*, No. 12-284 (D.D.C.).  A cursory search of other CIA declarations in the undersigned's possession identified many more, with the oldest dating from almost nine years ago.  Koch Decl., Dkt. #9-1, ¶ 10 (filed Apr. 15, 2005) ("[E]ach component must then devise its own search strategy, which includes identifying which of its records systems to search, as well as what *search tools, indices* and terms to employ.") (emphasis added), *Burnes v. CIA*, No. 05-242 (D.D.C.), attached as Ex. G; Dorn Decl., Dkt. #13, ¶ 13 (filed Nov. 15, 2005), *Dennett v. CIA*, No. 05-47 (D. Vt.), attached as Ex. H.

Accordingly, CIA has failed to demonstrate that it performed an adequate search, and the Court should reject its self-serving claim that anything it has not decided to release is "not 'search tools' or 'indices.'" (Suppl. Lutz Decl. ¶ 10.)  These terms mean *something* to whomever writes these declarations, and that is the definition that CIA should be employing in its search.

Count 20 of *NSC-II* involves a request for records about guidelines for attorneys in the Office of General Counsel ("OGC") for the conduct of civil cases.  (*Id.* ¶ 6.)  The problem with CIA's argument regarding its failure to identify any responsive records lies in the final sentence on the subject: "[Attorneys with Litigation Division management] further stated that training on civil litigation matters is provided to Litigation Division attorneys orally, rather than in writing." (*Id.* ¶ 12.)  Assuming *arguendo* that this is the case, then any records of that "oral training" would be responsive to this request, and CIA shows no indication of ever searching for that.  The Court should require CIA to perform an additional search for all records about any "[oral] training on civil litigation matters . . . provided to Litigation Division attorneys" before it awards summary judgment.

## II.    CIA IMPROPERLY WITHHELD INFORMATION

CIA has withheld a significant amount of information, citing primarily Exemptions (b)(1) and (b)(3).  Because much of the withheld information is being briefed in other cases, NSC is challenging only the redaction of information in one document, Doc. 81.[5]

---

[5] NSC does respectfully ask the Court to now consider the "prior disclosure" arguments regarding article authors in the *Studies* Tables of Contents it made previous, which the Court declined to consider because NSC conceded the issue before realizing the extent of CIA's improper withholding.  Because *all* redactions from eight Tables of Contents in which NSC claimed prior disclosure of authors' names are back in play in this Motion (Docs. 291-293, 298-

Doc. 81, attached as Ex. I, is a *Studies* article with one unmarked redaction.  (*See* Ex. I at 5.)  On that page, the second paragraph begins with the sentence "What appears above is excerpted from several experimental sessions by an intelligence officer with an Artificial Intelligence program known as [redacted]."  However, no exemption has ever been claimed for this redaction.

After JMP assigned the request to NSC, NSC wrote to CIA to amend JMP's appeal to include this redaction.  (Letter from McClanahan to Nelson of 5/25/10, attached as Ex. D.)  CIA never acknowledged this appeal, and the Court made reference of it in its 15 August 2013 Opinion.  The parties' Joint Status Report regarding which documents were still in controversy included this document.  However, when CIA made its supplemental release—which included the five articles addressed in JMP's appeal—it still did not release an unredacted copy of this article, nor does its declarant even mention it.  (*See* Suppl. Lutz Decl., Dkt. #60-1, ¶ 5 (filed Mar. 7, 2014).)  CIA's *Vaughn* index simply identifies this document as "Document identified by plaintiff, but not in litigation."  (*Vaughn* index, Dkt. #60-3, at 28 (filed Mar. 7, 2014).)  However, it was *this* amendment to which the Court was referring when it ordered CIA to provide NSC with administrative appeal rights.  Until CIA processes this document and defends its redaction, the Court cannot grant summary judgment on Count 1 in *NSC-I* to CIA.

For the foregoing reasons, the Court should deny CIA summary judgment on the challenged exemption identified above, award summary judgment to NSC with respect to this document, and order CIA to immediately release an unredacted copy of Doc. 81.

---

301, and 305), NSC respectfully incorporates its previous prior disclosure arguments regarding the withholding of the authors' names.

## CONCLUSION

For the foregoing reasons, The Court should deny summary judgment to Defendants on all disputed counts and grant partial summary judgment to NSC on Counts 1 and 3 of *NSC-I*.

Date:   April 17, 2014

Respectfully submitted,

 /s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
1200 South Courthouse Road
Suite 124
Arlington, VA  22204
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*