# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL SECURITY COUNSELORS, <br><br> Plaintiff, <br><br> v. <br><br> CENTRAL INTELLIGENCE AGENCY, <br><br> Defendant. | Civil Action No. 11-444 (BAH) <br><br> Chief Judge Beryl A. Howell |
| NATIONAL SECURITY COUNSELORS, <br><br> Plaintiff, <br><br> v. <br><br> CENTRAL INTELLIGENCE AGENCY, *et al.* <br><br> Defendants. | Civil Action No. 11-445 (BAH) <br><br> Chief Judge Beryl A. Howell |

## MEMORANDUM AND ORDER

Pending before the Court is the plaintiff National Security Counselors' ("NSC") Renewed Motion to Consolidate Cases ("Pl.'s Mot."), Civ. No. 11-444, ECF No. 104; Civ. No. 11-445, ECF No. 97, which seeks to consolidate the captioned cases for purposes of resolving the plaintiff's pending fee petitions and for appeal. The plaintiff's previous motion for consolidation of these two cases, along with a third case filed on the same day as the other two, *Nat'l Sec. Counselors v. CIA*, Civil No. 11-443, was granted in part and denied in part. *See* Min. Order, dated April 2, 2014. Specifically, Civil Nos. 11-443 and 11-444, which both asserted claims under or related to the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 *et seq.*, against the same, single defendant, the Central Intelligence Agency ("CIA), were consolidated, but the part of plaintiff's motion to consolidate Civil No. 11-445, which was brought against the

1

CIA, as well as five other agencies, including the Defense Intelligence Agency ("DIA"), the Departments of Justice and State ("DOJ" and "DOS" respectively), the National Security Agency ("NSA") and the Office of the Director of National Intelligence ("ODNI"), was denied, *see Nat'l Sec. Counselors v. CIA,* Civil No. 11-443, Min. Order, dated April 2, 2014, for the obvious reason that the latter case had five additional agency defendants compared to Civil Nos. 11-443 and 11-444, challenged various agencies' responses to different FOIA requests, requiring factual background from different affiants and presenting different issues as the parties were preparing for another round of summary judgment briefing. While the CIA "took no position" on the plaintiff's initial motion for consolidation, *see* Defs.' Resp., ECF Nos. 443-82; 444-65; 445-65, this agency now opposes the plaintiff's renewed request for consolidation of Civil Nos. 11-444 and 11-445, Def.'s Opp'n to Pl.'s Mot. Consolidate Cases ("Def.'s Opp'n"), at 1, ECF Nos. 444-108; 445-102, citing the fact that the "two cases were filed separately against different parties and present different issues," *id*. [1]

**I. LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 42(a), a district court has discretionary authority to order consolidation when actions involving "a common question of law or fact" are pending before the court. FED. R. CIV. P. 42(a); *see also Rankin v. Shayne Bros., Inc*., 234 F.2d 35, 39 (D.C. Cir. 1956) (noting that "[s]ince there were common questions of fact the consolidation was permissible under Rule 42(a)"). In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the

---

[1] For ease of citation, an abbreviated Civil Action Number will be used to indicate the docket entry in each case for the referenced citation. Notably, in response to the plaintiff's initial request to consolidate cases, all agency defendants in the three cases expressed the view that consolidation "appears unnecessary," but otherwise took "no position" on the motion. *See* Defs.'s Resp., at 1, ECF Nos. 443-82; 444-65; 445-65.

court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated. *See Hendrix v. Raybestos-Manhattan, Inc.,* 776 F.2d 1492, 1495 (11th Cir. 1985) (citing *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982)); *Jackson v. Ford Consumer Fin. Co.,* 181 F.R.D. 537, 539 (N.D. Ga. 1998); *State of Ohio ex rel. Montgomery v. Louis Trauth Dairy, Inc.,* 163 F.R.D. 500, 503 (S.D. Ohio 1995) (in determining whether consolidation is appropriate, "the court balances the value of time and effort saved by consolidation against the inconvenience, delay, or expense increased by it"). "[C]onsolidation is particularly appropriate when the actions are likely to involve substantially the same witnesses and arise from the same series of events or facts." *Hanson v. District of Columbia,* 257 F.R.D. 19, 21 (D.D.C. 2009).

## II. DISCUSSION

Background regarding the cases subject to the plaintiff's consolidation motion is fully set out in extensive opinions previously issued by this Court and will not be repeated here. *See Nat'l Sec. Counselors v. CIA*, 206 F. Supp. 3d 241 (D.D.C. 2016); *Nat'l Sec. Counselors v. CIA*, 960 F. Supp. 2d 101 (D.D.C. 2013); *Nat'l Sec. Counselors v. CIA*, 898 F. Supp. 2d 233 (D.D.C. 2012**)**. As the plaintiff points out, a number of factors weigh favorably for consolidation, including that (1) this Court has issued multiple substantive decisions in consolidated opinions in both Civil Nos. 11-444 and 11-445, given the "significant degree of overlap between the two cases," Pl.'s Mot. at 2; (2) "for the most part," the two cases "are in the same procedural posture," *id.*;[2] and (3) "consolidation of these cases will promote judicial economy and avoid wasted duplication of effort," *id.* To be specific, the only remaining issue in both cases, other than the instant motion

---

[2] At the time of filing the instant motion, the plaintiff also had pending a Motion for Partial Reconsideration Under Federal Rule of Civil Procedure 59(e) in Civil No. 11-445, but that motion has been resolved. *See* Pl.'s Mot., at 2 n.1; Minute Order, Civ. No. 11-445, dated Nov. 3, 2016 (denying plaintiff's motion for partial reconsideration).

for consolidation, is the plaintiff's attorney's fee petitions, which have been filed separately in both cases. *See* Pl.'s Pet. For Atty's Fees, ECF No. 444-107, 445-101.

In the defendants' view, consolidating the cases "at this late date would save neither time nor effort" since the DIA, DOJ, DOS, NSA and ODNI are not parties to Case No. 11-444 but only are involved in Case No. 11-445, and "the two cases involve separate FOIA requests and legal issues." Defs.' Opp'n, at 2. Indeed, the plaintiff filed all three cases, 11-443, 11-444 and 11-445 as related cases, under D.D.C. Local Civil Rule 40.5(b)(2), but the rationale for which claims are asserted in each case, let alone why the challenges to responses by agencies other than the CIA to the plaintiff's FOIA requests were not made in unrelated stand-alone cases, is barely discernable.

The defendants suggest that the reasons for the consolidation petition are that the plaintiff "is attempting to save on the fee for filing an appeal or include in a consolidated appeal arguments from one of the two cases that would not merit a separate appeal," but that those reasons are "insufficient to justify consolidating cases that involve different parties and present different issues." Defs.' Opp'n at 3. The plaintiff did not respond to these two legitimate concerns posed by the defendants, namely, that the plaintiff would use consolidation as a means to save appellate filing fees and to have a vehicle for appellate review of issues, particularly involving agencies other than the CIA, which issues absent consolidation, would not otherwise merit an appeal. *See* Pl.'s Notice of Non-Filing Reply, ECF Nos. 444-112; 445-106 ("Plaintiff declines to file a formal Reply and instead simply informs the Court that it stands by its initial arguments and that the matter is ready for judgment."). The plaintiff provides assurances on this score by stating the obvious, that "if an agency is named as an appellee in an appeal, it is because some portion of the Court's ruling regarding that agency is being appealed," Pl.'s Mot. at 4,

4

without making any promises about which agency, if any, may be named as an appellee. In any event, the concerns expressed by the defendants, standing alone, do not weigh as heavily against consolidation as the defendants urge.

The similar procedural posture in which each case now stands and the fact that this Court has found that the issues raised in the two cases may be efficiently resolved in consolidated opinions make this a close issue. Indeed, given the similarity in arguments made by the plaintiff and the defendants in connection with the pending fee petitions in both cases, regarding the applicable rate and the criticisms of, *inter alia*, the plaintiff's eligibility and billing practices, another consolidated opinion addressing these petitions may be warranted. Nevertheless, the differences in parties and specific FOIA request issues related to individual agency defendants continue to weigh more heavily against consolidation. Accordingly, the Court is not persuaded to alter its prior decision denying consolidation of Civil Nos. 11-444 and 11-445, and the plaintiff's renewed motion for consolidation of these two cases is therefore DENIED.

### III. CONCLUSION

The plaintiff's Renewed Motion to Consolidate Cases, Civ. No. 11-444, ECF No. 104; Civ. No. 11-445, ECF No. 97 is DENIED.

**SO ORDERED.**

Date: August 21, 2017

BERYL A. HOWELL
Chief Judge